UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>June White</u>

    v.                                          Civil No. 13-cv-171-JL

<u>John Does 1-21</u>

**REPORT AND RECOMMENDATION**

Before the court is plaintiff June White's complaint and exhibits thereto (doc. no. 1). Because White is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review. <u>See</u> 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Standard of Review**

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); see also Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

**Background**

White asserts claims of libel, civil conspiracy, and tortious "interference in cyberspace," resulting in harm including lost sales of her book, against twenty-one "John Doe" defendants. White alleges that defendants posted defamatory and harassing comments about her on various websites and on Twitter, after she published a book about her son. Plaintiff asserts that she does not know the true names or addresses of the Doe defendants, which she is able to identify only by the online monikers used in their postings and "tweets" directed at her through the social networking service, Twitter. She claims that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). She seeks damages

and injunctive relief, and refers to "statutory damages" without identifying the statute providing for such relief.

## Discussion

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  The presumption is that a federal court lacks jurisdiction.  Kokkonen, 511 U.S. at 377.  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  Id.; K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011), cert. denied, 132 S. Ct. 1098 (2012).  If the court lacks subject matter jurisdiction over the action, the court must dismiss it.  Fed. R. Civ. P. 12(h)(3).

"A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States.  She invokes [diversity] jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (quotation marks, footnote, and citation omitted).  "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable,

3

i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'is wholly insubstantial and frivolous.'"  Arbaugh, 546 U.S. at 513 n.10 (citations omitted). Plaintiff has not established that this court has federal question jurisdiction over her claims, as she has not alleged any violation of federal law.  Accordingly, her attempt to invoke this court's jurisdiction, pursuant to 28 U.S.C. § 1331, is unavailing.

To invoke the diversity jurisdiction of this court, plaintiff is required to demonstrate that the parties are completely diverse, i.e., that no defendant resides in the same state as the plaintiff.  See 28 U.S.C. § 1332; Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009). Plaintiff here has failed to show that any defendant in this action resides outside of New Hampshire, the state where she resides.[1]  Her failure to plead facts regarding the residency of

---

[1] In her complaint, White has stated that defendants have taken pains to conceal their identities (and addresses), and she plans to seek leave to engage in early discovery in order to subpoena their identities from their internet service providers. Without expressing any opinion on an issue that is not presently before this court, the court notes that such subpoenas could raise First Amendment concerns.  Cf. Baker v. John Does 1-10, No. CA 12-10434-MLW, 2012 WL 6738253, *2 n.3 (D. Mass. Dec. 27, 2012) ("subpoenas and discovery requests seeking to identify anonymous defendants who use the internet to publish writings or communicate information raise First Amendment concerns, including potential harassment of speakers or silencing of speech").

any defendant draws into question this court's jurisdiction over the case, pursuant to 28 U.S.C. § 1332.

Federal courts dealing with closely analogous cases involving bloggers using aliases to post allegedly defamatory or harassing material have dismissed the cases given the absence of proof of defendants' residency, and the resulting lack of proof of complete diversity.  See, e.g., Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 134 (D.D.C. 2009) ("Federal jurisdiction based on diversity of citizenship cannot simply be assumed, as [plaintiff] wishes, with discovery then permitted in hopes that a proper basis for jurisdiction can later be ascertained.  The proper course in a setting like this one is for a plaintiff to pursue any valid claims in a state court where both subject-matter and personal jurisdiction exist."); McMann v. Doe, 460 F. Supp. 2d 259, 265 (D. Mass. 2006) (order dismissing case on two alternative grounds, including lack of subject matter jurisdiction).[2]  But cf. Doe v. Ciolli, 611 F. Supp. 2d 216, 219-20 (D. Conn. 2009) ("'presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed in order for a diversity-based claim to be brought in federal court under

---

[2]The McMann court buttressed its order dismissing the action by issuing alternative rulings, dismissing the case for lack of subject matter jurisdiction and also dismissing the case on the merits.  See McMann, 460 F. Supp. 2d at 269.

§ 1332'" (quoting Macheras v. Ctr. Art Galleries-Haw., 776 F. Supp. 1436, 1440 (D. Haw. 1991)). The First Circuit has not specifically addressed whether diversity jurisdiction exists if all of the defendants are John Does, and that court has reserved judgment on the related question of whether the presence of John Doe defendants in an action along with other defendants destroys diversity jurisdiction. See Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 nn.10-11 (declining to resolve jurisdictional issue raised by John Doe defendants in part because plaintiff had identified other defendants whose known residency was "minimal[ly] divers[e]," thereby satisfying Article III's jurisdictional requirements).

For reasons set forth as to the jurisdictional issue in Sinclair, 596 F. Supp. 2d at 133-34, and McMann, 460 F. Supp. at 265, this court should follow the general rule that a plaintiff must prove that the federal courts have subject matter jurisdiction over her claims. Accordingly, the court should dismiss White's complaint, without prejudice to her filing an action in state court, or refiling an action here that properly invokes this court's subject matter jurisdiction.

## Conclusion

Because White has failed to show that the court has subject matter jurisdiction over her claims, the court should dismiss the complaint, without prejudice. Any objections to this report

and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                                                 _____
                                                                                 Landya McCafferty
                                                                                 United States Magistrate Judge

May 6, 2013

cc:  June White, pro se

LBM:nmd